UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANTHONY HOLLIER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-5717** |
| **JAMES D. MILLER, WARDEN** | * | **SECTION: "B"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

For the reasons set forth below, is it **HEREBY RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely, and alternatively **DENIED** on the merits.

## Procedural History

Petitioner Anthony Hollier seeks relief from his November 8, 2001, conviction and sentence on his plea of guilty to one count of armed robbery, a violation of La. R.S. 14:64. The state district judge sentenced petitioner on November 8, 2001, to serve twenty-five years of incarceration at hard labor without benefit of parole, probation or suspension of sentence.[1] Petitioner did not file a supervisory writ to review his conviction and sentence in the Louisiana Court of Appeal. Under state law, petitioner's conviction and sentence became final on December 8, 2001, thirty days after he was sentenced. See La. C.Cr. P. art. 914.[2] Petitioner filed/signed a motion to set aside guilty plea on June 23, 2003.[3] The district court denied the motion on July 1, 2003.[4] On December 29, 2003, petitioner filed a petition for post-conviction relief (PCR) signed by him on December 23, 2003.[5] The affidavit was

---

[1] See State Record, Vol. 2, minute entry dated November 8, 2001. **State of Louisiana v. Anthony Hollier,** No. 329803, Twenty-Second Judicial District Court, St. Tammany Parish, Louisiana.

[2] **Art. 914. Method and time of appeal**
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
   (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken.
   (2) Thirty days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.

[3] See State Record, Vol. II for a copy of the motion.

[4] See State Record, Vol. II for a copy of ruling written on page 4 of the motion.

[5] See State Record, Vol. II for a copy of the PCR.

signed and notarized on November 3, 2003. In his PCR, petitioner claimed that his sentence was unconstitutionally excessive. The PCR petition was denied on January 7, 2004.[6] Petitioner filed an application for supervisory writs in the Louisiana Court of Appeal, First Circuit under No. 2004-KW-0428. The First Circuit denied writs on July 12, 2004.[7] Thereafter, petitioner filed for supervisory and/or remedial writs in the Louisiana Supreme Court under No. 2004-KH-2193, on August 27, 2004. The Louisiana Supreme Court denied writs on may 20, 2005,[8] citing La. C.Cr. P. art. 930.3; **State ex rel. Melinie v. State,** 93-1380 (La. 1/12/96), 665 So.2d 1172.

Petitioner filed his federal application for habeas corpus relief on November 7, 2005, the day he signed the petition and presented it to the prison authorities for mailing.[9]

---

[6] See State Record, Vol. II for a copy of the ruling.

[7] **State of Louisiana ex rel. Anthony Hollier v. State of Louisiana,** No. 04-KW-0428 (La. App. 1st Cir. July 12, 2004). A copy of the ruling is contained in the State Record, Vol. I.

[8] **State ex rel. Anthony Hollier v. State of Louisiana,** No. 2004-KH-2193 (La. May 20, 2005). A copy of the ruling is contained in the State Record, Vol. I and Vol. II.

[9] See Federal Rec., Doc. #1. This November 7, 2005, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, in this case, November 7, 2005, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison

Petitioner's sole claim is that he received an excessive sentence in violation of the Eighth and Fourteenth Amendments of the United States Constitution. The State did not contest whether petitioner had exhausted his issue in the highest state court. This Court's review of the record shows that the issue has been exhausted. See Title 28, United States Code, Section 2454(b)(1)-(3); **Rose v. Lundy,** 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, the State argues that petitioner's application was untimely filed and as such, the application for federal habeas corpus relief should be dismissed with prejudice.

## **Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[10] *See* Title 28, United States Code, Section 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's judgment became final on December 8, 2001, when the 30-day deadline for filing a writ for supervisory

---

officials for mailing on date he signed petition).

[10] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. **Lindh v. Murphy,** 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

review in the Louisiana First Circuit expired. Thus, petitioner had a year from December 8, 2001, or until December 8, 2002, to timely seek federal habeas corpus review.

Petitioner did not file the instant action until November 7, 2005, almost three years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed a motion to set aside his guilty plea in the state district court on June 23, 2003. However, petitioner's 1 year prescriptive period had expired 173 days prior to the filing of this motion. The motion was denied on July 1, 2003.

Although petitioner's federal limitations period had already expired, it is worth noting the following: Petitioner filed an application for post conviction relief (PCR) on November 3, 2003, in the trial court.[11] By that time, an additional 124 days lapsed, making petitioner's federal habeas now 297 days (173 + 124 = 297) too late. As previously noted, petitioner's PCR was denied on January 7, 2004. Review of the state record indicates that

---

[11]See State Rec., Vol. I, for a copy of the PCR. The November 3, 2003, filing date is founded upon the application of the mail box rule for pro se filings by prisoners. Also see **State v. Causey,** 450 F.3d 601 (5th Cir. 2006). (State Court pleading filed by pro se petitioner deemed filed when it is delivered to prison authorities for forwarding to the district court.)

petitioner's writs seeking review of the denial of his PCR petition were timely filed in the state appellate courts. The writs application was denied by the Louisiana Supreme Court on May 20, 2005. Petitioner filed his federal habeas corpus application on November 7, 2005, thereby allowing another 139 days to expire. At that point, petitioner's federal filing was a total of 436 days past the limitations period. Thus, this matter would appear to be time-barred absent a basis for equitable tolling petitioner's prescriptive period.

Equitable tolling is justified only in "rare and exceptional circumstances." **Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), quoting **Davis v. Johnson,** 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.,Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." **Coleman v. Johnson,** 184 F.3d 398, 402 (5th Cir. 1999), citing **Rashidi v. American President Lines,** 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of Section 2254 relief. **Coleman,** 184 F.3d at 403.

In the instant matter, the record reflects that petitioner was clearly less than diligent in seeking relief from his conviction and sentence. Petitioner failed to timely appeal his conviction and sentence to the state's highest court. He waited nearly a year and one-half prior to filing a motion to set aside his guilty plea. Petitioner waiting an additional 124 days

before filing an application for post conviction relief.  Further, once he obtained the opinion from the state's highest court, he waited 139 days before filing his federal petition. Therefore, petitioner's federal application should be dismissed as untimely.

Alternatively, petitioner's federal application should be denied on the merits. Petitioner claims that his sentence is disproportionate, excessive and violative of the Eighth and Fourteenth Amendments of the United States Constitution.

Petitioner argues that he received an unconstitutionally excessive sentence "based on its disparity with his co-defendant's sentence who was convicted of the same crime with equal culpability."  Petitioner claims that his co-defendant received a fifteen year sentence and that he received a twenty-five year sentence.[12]

The Eighth Amendment provides:  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The language does not specifically detail a proportionality requirement, and the Supreme Court has specifically rejected the principle that the Eighth Amendment contains a proportionality guarantee.

---

[12]The Louisiana Supreme Court denied relief on petitioner's claim of an excessive sentence on procedural grounds, citing La. C.Cr.P. art. 930.3, and **State ex rel. Melinie v. State,** 665 So.2d 1172 (La. 1996).  See **State ex rel. Anthony Hollier v. State of Louisiana**, No. 2004-KH-2193 (La. May 20, 2005), a copy of which can be found in State Record Vol. I and Vol. II. Therefore, because the last state court that rendered a judgment on the issue relied on a state procedural bar, the issue of excessive sentence is likely barred from federal review.  See **Duncan v. Cain**, 278 F.3d 537 (5th Cir. 2002). However, in the interest of finality, the Court denies the claim on the merits.

**Harmelin v. Michigan**, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).[13] If a sentence is within the statutory limits, a federal habeas court will not upset the terms of that sentence unless it is so disproportionate to the offense as to be completely arbitrary and shocking. **Bonner v. Henderson,** 517 F.2d 135, 136 (5th cir. 1975); *see also* **Haynes v. Butler,** 825 F.2d 921, 923-24 (5th Cir. 1987), cert. denied, 484U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1998); **Smallwood v. Johnson,** 73 F.3d 1343, 1347 (5th Cir. 1996) (emphasizing that a federal court will not review a state sentencing without a threshold showing that the sentence is "grossly disproportionate to the offense.")

A twenty-five year sentence for the felony conviction of armed robbery is within the statutory limits. Louisiana Revised Statue of 14:64 provided, at the time of petitioner's conviction, that the penalty for armed robbery shall be imprisonment at hard labor for not less than five years and for not more than ninety-nine years. Petitioner's twenty-five year sentence was within the statutory maximum.

Review of the state record shows that on November 8, 2001, the date of trial, petitioner and his counsel negotiated relative to petitioner's guilty plea to armed robbery in

---

[13]In **Harmelin,** 501 U.S. at 962, 111 S.Ct. at 2684, quoting **Rummel v. Estelle,** 445 U.S. 263, 274, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 382 (1980), the Supreme Court reaffirmed that "'for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative.'"

return for a twenty-five year sentence.[14]  The court considered the factual basis before accepting petitioner's guilty plea and prior to entering a judgment into the record.  The court sentenced petitioner in accordance with the agreement reached, i.e., petitioner received the sentence that he (through counsel) negotiated.[15]

Again, petitioner's sentence was within the statutory maximum.  Accordingly, the claim lacks merit.

## RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Anthony Hollier for issuance of a writ of habeas corpus under Title 28, United States Code, Section 2254 be **DENIED** with prejudice as untimely.  Alternatively, the petition should be **DENIED** on the merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

---

[14] See State Rec., Vol. II, Transcript of Guilty Plea November 8, 2001, pages 7-9.

[15] There is some evidence in the record which indicates that petitioner might have been the triggerman in the crime, which would have been a consideration for the sentencing court. There may have been other factors which influenced the judge's decision on sentencing. However, this court is not privy to the facts regarding petitioner's co-defendant's involvement so that a comparison could be made.  Only the record of petitioner Hollier is currently before this court.

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

      New Orleans, Louisiana, this 27th day of March, 2007.

                                        _____
                                        LOUIS MOORE, JR.
                                        United States Magistrate Judge